**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MELVENE KENNEDY,

               *Plaintiffs,*

v.

ESSEX COUNTY SHERIFF, LT. HELENA OLIVEIRA, and 899 S. 19th LLC,

               *Defendants.*

Civil Action No. 22-7011

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court on *pro se* Plaintiff Melvene Kennedy's request for an order to show cause seeking a preliminary injunction with temporary restraints. Plaintiff seeks to bar the Essex County Sheriff from executing a Writ of Possession evicting Plaintiff until this matter is resolved. D.E. 29. Defendants the Essex County Sheriff and Lt. Helena Oliveira (the "County Defendants") filed a letter in response to Plaintiffs' request, D.E. 33, and Defendant 899 S. 19th LLC ("899") filed a brief in opposition[1], D.E. 35. Plaintiff filed a letter in reply. D.E. 36. The Court reviewed the parties' submissions and considered the request without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiff's request is **DENIED**.

---

[1] Default was entered against 899 due to its failure to plead or otherwise defend, and 899's motion to vacate default is pending before this Court. D.E. 34.

I.      BACKGROUND

Plaintiff presently resides at 899 S. 19th Street in Newark, New Jersey.[2]  TAC ¶ 1.  On June 5, 2018, a foreclosure judgment pertaining to 899 S. 19th Street was entered against Plaintiff. *Id.* ¶ 62.  While not explicitly pled, 899 purchased 899 S. 19th Street at the subsequent Sheriff's sale. *See id.* ¶¶ 55, 66, 77.  Plaintiff alleges that the County Defendants refused to accept Plaintiff's payment during the redemption period and attempted to charge Plaintiff unlawful fees and costs. Thus, Plaintiff alleges that the County Defendants interfered with Plaintiff's right to reclaim title to her home. *Id.* ¶¶ 12-21.  Plaintiff challenged the Sheriff's sale—raising her attempts to remit payment during the redemption period and the subsequent title transfer to 899--in the underlying foreclosure proceeding, on appeal, and through 899's writ of possession matter.  Plaintiff also filed separate proceedings in state court to, among other things, stop the Sheriff's sale and title transfer, but Plaintiff was unsuccessful.  Plaintiff filed this matter on December 1, 2022, which relates to her post-foreclosure judgment right to redeem after the Sheriff's sale.  D.E. 36.  Plaintiff seeks monetary damages and equitable relief voiding the Sheriff's deed or transferring title back to the Essex County Sheriff.  TAC at 21.

On March 3, 2023, 899 obtained an order for possession in the Superior Court of New Jersey to remove Plaintiff from 899 S. 19th Street. *Id.* ¶ 82.  On April 24, 2023, Plaintiff received a Notice of Ejectment from the Essex County Sheriff's Office ordering her to vacate her home on May 10, 2023. *See* D.E. 29-1.  The scheduled ejectment is now scheduled for May 30, 2023.  D.E. 36.  Through her request for an order to show cause, Plaintiff seeks to stop the scheduled ejectment. D.E. 29.

---

[2] The Court takes the factual background from Plaintiff's 3rd Amended Verified Complaint (the "TAC").  D.E. 22.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 65 addresses the issuance of temporary restraining orders and preliminary injunctions.  Preliminary injunctive relief "is an 'extraordinary remedy, which should be granted only in limited circumstances." *Ferring Pharms., Inc. v. Watson Pharms, Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)).  Such relief is appropriate when a party demonstrates that it has a reasonable probability of success on the merits, it will suffer immediate and irreparable harm if the injunction does not issue, the grant of preliminary relief will not result in greater harm to the nonmoving party, and the injunctive relief is in the public interest. *N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 385-86 (3d Cir. 2012).  A court must balance the four factors but "the failure to establish any element renders a preliminary injunction inappropriate."  *Ferring Pharms., Inc.*, 765 F.3d at 210 (quoting *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (internal punctuation omitted).

## III.    ANALYSIS

The doctrine of issue preclusion, or collateral estoppel, prevents a party from relitigating a previously decided issue of fact or law.  "[A] federal court, in determining the collateral estoppel effect of a state court proceeding, should apply the law of the state where the . . . proceeding took place[.]" *Taylor v. S.T. Good Ins.*, Inc., No. 10-4258, 2012 WL 83650, at *3 (D.N.J. Jan. 11, 2012) (quoting *Anela v. City of Wildwood*, 790 F.2d 1063, 1068 (3d Cir. 1987)).  Here, the relevant prior proceedings occurred in New Jersey state court.  Therefore, the Court applies New Jersey issue preclusion law.  Under New Jersey law, collateral estoppel bars re-litigation of an issue if

> (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior

3

adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question.

*Gross-Quatron v. Mizdol*, 811 F. App'x 95, 97 (3d Cir. 2020) (quoting *Del. River Port Auth. v. Fraternal Order of Police*, 290 F.3d 567, 573 n.10 (3d Cir. 2002)).

Shortly before 899 obtained title in Plaintiff's foreclosure case, the Appellate Division granted Plaintiff's request to file an emergent motion to stay transfer of the deed to 899.  Through her subsequent motion, Plaintiff argued that the Sheriff wrongfully refused her redemption payment because the total amount due was for a higher amount.  *See* Sept. 23, 2022 Order, D.E. 35 at 35-36 ("The gravamen of [Kennedy]'s motion is that she tendered" an amount from a June 14 redemption statement, "which the sheriff wrongfully refused, claiming" a higher amount was due and owing).  The Appellate Division ultimately denied the motion to stay, "finding the defendant has not demonstrated a likelihood of success on the merits of her claim." *Id.*  The Appellate Division explained that the underlying foreclosure was extensively litigated in the Chancery Division and two bankruptcy matters, and that Plaintiff previously objected to the amount due.  The Appellate Division further explained that through the motion to stay, Kennedy "seeks to relitigate that amended judgment" but "the time for doing so . . . has long since passed." *Id.*  Finally, the Appellate Division noted that the record did not support Kennedy's assertion that she possessed or tendered the full amount due during the redemption period.  *Id.*

The instant matter involves the same issue.  "Although 'there is no bright-line rule regarding what constitutes a final judgment for issue preclusion,' finality can mean 'that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again.'"  *Salerno Med. Assocs., LLP v. Riverside Med. Mgmt., LLC*, 542 F. Supp. 3d 268, 278 (D.N.J. 2021) (quoting *Free Speech Coal., Inc. v. Att'y Gen. of U.S.*, 677 F.3d 519, 541 (3d Cir. 2012)) (internal punctuation omitted).  As discussed, the Appellate Division

4

denied Kennedy's motion to stay because the issues had already been extensively litigation. Accordingly, the Court sees no reason to permit Plaintiff to re-litigate the issue in an additional forum. Moreover, Plaintiff had a full and fair opportunity to litigate the issue in state court. As a result, the crux of the matter Plaintiff now seeks to litigate is likely barred by collateral estoppel.

The same is true for Plaintiff's attempt to prevent the ejectment. After it obtained title, 899 initiated a summary action in New Jersey state court to remove Plaintiff from the property. *899 S. 19th, LLC v. Kennedy*, ESX-DC-14297-22, Verified Compl. (N.J. Super. Ct. Law Div. Nov. 9, 2022). Plaintiff sought to dismiss the matter by raising several issues, including that she tendered the full amount due during the redemption period. *899 S. 19th, LLC v. Kennedy*, ESX-DC-14297-22, Motion to Dismiss (N.J. Super. Ct. Law Div. Jan. 4, 2023). On March 3, 2023, Judge Lynott, J.S.C., entered an Order for Possession. *899 S. 19th, LLC v. Kennedy*, ESX-DC-14297-22, Order (N.J. Super. Ct. Law Div. Mar. 3, 2023). Judge Lynott denied the motion to dismiss on March 7, 2023. *899 S. 19th, LLC v. Kennedy*, ESX-DC-14297-22, Order (N.J. Super. Ct. Law Div. Mar. 7, 2023). Judge Lynott determined that 899 is entitled to possession, Plaintiff was involved in this decision and had the ability to fully litigate the issue. Finally, Plaintiff relied on the redemption amount issue to stop the ejectment. Again, the Court sees no reasons why Plaintiff should be afforded an opportunity to re-litigate the same issue. Consequently, the March 3 Order constitutes a final judgment for collateral estoppel purposes. Plaintiff, therefore, also fails to demonstrate a reasonable likelihood of success on the merits to obtain the specific relief she seeks through the order to show cause.

Because the Court finds that Plaintiff has not sustained her burden as to a reasonable likelihood of success, the Court denies Plaintiff's request for an order to show cause.

## IV.    CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 15th day of May, 2023

**ORDERED** that Plaintiff's request for an order to show cause seeking a preliminary injunction with temporary restraints (D.E. 29) is **DENIED**; and it is further

**ORDERED** that the Clerk's Office is directed to mail a copy of this Opinion and Order to Plaintiff via certified and regular mail.

John Michael Vazquez, U.S.D.J.